MARY B. CUMMINGS *vs.* ANDREW WATSON & another.

Suffolk. March 15, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Heirs — Administrator as Agent — Landlord and Tenant — Use and Occupation.*

The heirs of a person deceased, intestate, agreed that one of them should be appointed administratrix, and manage and receive the rents of the real estate; and a tenant at will of the intestate, who continued to occupy a part of the real estate, paid to her rents accruing before and after his death, but made no contract with her as administratrix or otherwise for the occupation of the premises. *Held,* that in receiving such rents from him she acted as agent merely, and could not as administratrix maintain an action against him for subsequent use and occupation.

CONTRACT by the administratrix of the estate of Nathaniel Cummings for the six months' use and occupation of certain real estate. Trial in the Superior Court, without a jury, before *Lathrop,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence that the defendants had been in possession of a shop, being the premises in question, as tenants at will under the plaintiff's intestate, whose sole heirs at law were the plaintiff and her sister; that, after his death, it was agreed between

them that the plaintiff should be appointed administratrix of the estate, and should manage and control the real estate, and account therefor; that she has ever since managed and controlled the real estate, including the premises in question; that prior to the death of Nathaniel the defendants paid rent to his agent; that after his death they paid for four months' occupation, a part of which was before and the remainder after his death, to the same agent, who was authorized by the administratrix to receive the rent, and gave to the defendants receipts signed "Mary B. Cummings, Admnx."; and that the defendants knew of Nathaniel's death, but made no express contract for the use of the premises thereafter. There was no evidence that the defendants had any knowledge of the agreement between the heirs other than as above stated.

The judge found for the defendants, upon the ground that the plaintiff had no right, as administratrix, to maintain the action for the use of the premises; and the plaintiff alleged exceptions.

*G. B. Upham & F. W. Proctor*, for the plaintiff.

*J. A. Maxwell & J. D. McLaughlin*, for the defendants.

FIELD, J. The death of Nathaniel Cummings terminated the tenancy at will of the defendants. The plaintiff and her sister are the heirs at law of Nathaniel Cummings, and in the absence of any contract with them or with any one else for the occupation after the death of Cummings, the defendants would be liable to pay rent to the heirs at law as owners, by virtue of the Pub. Sts. c. 121, § 3 (Gen. Sts. c. 90, § 25). It was competent for the court to find on the evidence, and apparently the court has found, that the defendants made no contract for the occupation of the premises with the plaintiff as administratrix, or with the plaintiff in any capacity. The agreement between the heirs that the plaintiff should be appointed administratrix, and should manage the real property and account to the estate of Cummings for the rents, did not vest the title to the real property in the plaintiff as administratrix. She, as administratrix, was not sole seised of the real property, but she and her sister remained jointly seised of it, as heirs. The Pub. Sts. c. 144, § 5, (Gen. Sts. c. 98, § 8,) provide a method of accounting when an executor or administrator uses, occupies, or receives the rent of real estate with the

assent of the heirs, but such an executor or administrator occupies as an agent of the heirs, unless he is an heir himself and occupies in his own right. *Almy* v. *Crapo*, 100 Mass. 218.

Whether the plaintiff could sue as administratrix, if, while in possession as such, she had let the premises to the defendants, or they had promised to pay rent to her, need not be decided. As no contract with the plaintiff has been found to exist, the suit should have been brought by the heirs at law.

*Exceptions overruled.*