GEORGE M. BROOKS, Judge of Probate, *vs.* ABRAHAM JACKSON & others.

Middlesex. January 21. — August 31, 1878.

Under the Gen. Sts. *c.* 98, § 8, an executor is bound to account in the Probate Court for rents of real estate received by him from the time of the death of the testator, and his failure to account for and pay over the same is a breach of his bond, for which he and his sureties are liable ; but if he is removed from office, they are not liable for rents collected by him after his removal.

A provision in a will charging and binding the real estate of a testator for the payment of legacies, and empowering the executor to sell it to pay such legacies, does not affect the rights of the heirs or devisees in the rents until the power is executed by a sale.

In an action on a probate bond, it appeared that A. was duly appointed, by the Probate Court executor of the will of B.; that afterwards A. was removed for cause, in not rendering an account to the Probate Court, from his office of executor, and an administrator *de bonis non*, with the will annexed, was appointed in his place; that A., in his capacity as executor, received rents of the real estate of B. to a large amount, and made disbursements in reference to the estate; and that, in accordance with a power contained in the will, he made endeavors to sell the real estate. *Held*, that there was nothing in the case to show that the judge before whom it was tried erred in disallowing a claim on the part of A. for compensation for his services as executor.

CONTRACT on a bond, in the usual form, given by Abraham Jackson as principal, and William E. Underwood and William

Carpenter as sureties, conditioned that Jackson, who had been appointed executor of the will of Joanna Latham, should make and return an inventory of the estate of the testatrix, administer the estate according to law and render an account. The breaches alleged were that the executor had neglected to return an inventory of the estate, had not administered the estate according to law and had failed to account. Judgment was entered for the plaintiff for the penalty named in the bond; and, at a hearing in this court, before *Ames*, J., without a jury, to determine the sum for which execution should issue, the following facts appeared:

On September 24, 1872, Jackson was duly appointed, by decree of the Probate Court, executor of the last will of Joanna Latham. On appeal to this court, the decree was affirmed, and on November 3, 1873, letters testamentary were issued to Jackson, and he gave the bond declared on.

On April 6, 1875, Jackson was removed, for not rendering an account to the Probate Court, as required by law and the order of the court, from his office of executor, and an administrator *de bonis non*, with the will annexed, appointed in his place, for whose benefit this action is brought.

The judge found that Jackson had received, of moneys belonging to the estate, $6580, and was entitled to credit for $5472.78 for disbursements in reference thereto; and that the plaintiff was entitled to recover $1107.22, and interest thereon from April 6, 1875.

It appeared that Jackson demanded as executor, collected and received rents of the real estate of the testatrix to the amount of $1454.20, of which $570 were received before November 3, 1873, and $170 after his removal from office, for which he receipted sometimes "Abraham Jackson," and at others "Abraham Jackson, executor;" that a part of the estate was let to a tenant at the time of the death of the testatrix, which tenant paid rent to Jackson so long as he remained executor; that the residue of the premises Jackson let to tenants at will; that he made no arrangements with the heirs of the testatrix in respect to the real estate; that they gave no express consent to his management of it, and made no objection thereto, although well knowing of his proceedings; and that he had no express author

ity for his doings, unless by the will of his testatrix, which contained the following clause : "For the payment of the legacies above given, I do hereby charge and bind my real estate, consisting of house and land numbered 106 Auburn Street in that part of Cambridge known as Cambridgeport, and I hereby empower and direct my executor hereinafter named and appointed, as soon as conveniently may be after the probate of this my will, to dispose of, bargain, sell and convey all my said real estate, and from the net proceeds of said sale to provide for and to pay the above legacies." During all the time Jackson was executor, he was endeavoring to effect a sale of the real estate, but did not accomplish it. The real estate of which the rents were collected was the real estate referred to in the will, and Jackson was not an heir of the testatrix. After the removal of Jackson from office, he filed with the register of probate a paper purporting to be an account as executor, which was not considered by the Probate Court, and in which he did not charge himself with the rents aforesaid.

The defendants contended that Jackson should be credited with a reasonable compensation for his services as executor. But the judge disallowed this; ruled that the defendants were not liable for the rents collected by Jackson ; and reported the case for the consideration of the full court, execution to issue for such sum as the court should order, or the case to be referred to a master to determine the same.

*W. A. Herrick*, for the plaintiff.

*J. Cutler*, for the defendants.

GRAY, C. J. In the absence of special devise or contract, the rents and profits of the real estate of a deceased person belong to his heirs or devisees, and not to his administrator or executor, even if the estate is insolvent, unless and until the real estate is sold for the payment of debts, under a power expressed in the will or by license of court ; and if the executor or administrator receives such rents, the heirs or devisees may recover them from him in an action at law. *Gibson* v. *Farley*, 16 Mass. 280.

It has been provided by statute, that if the executor or administrator uses or occupies any part of the real estate, he shall account for the income thereof as ordered by the Probate Court, with his assent and the assent of such other parties interested as

are present at the rendering of the account; and that, if the parties do not agree, the sum to be allowed shall be determined by commissioners appointed by that court. Gen. Sts. c. 98, § 8. Rev. Sts. c. 67, § 6. St. 1789, c. 11, § 2.

This provision has always been construed as applying as well to rents received by the executor or administrator, as to the use of real estate occupied by him in person; and we can have no doubt that it extends to his occupation or receipt of rents from the time of the death, to which his appointment relates. It requires him to account for rents and profits received or enjoyed by him to none but those to whom they belong; and if he is himself the heir or devisee, he is not obliged to account for them at all. When he is not himself heir or devisee, he is required by the statute to account for them in the Probate Court, but to the heirs or devisees only, unless they, either expressly, or by implication from assenting to his accounts in which he has charged himself with rents as part of the general assets, have agreed that they shall be applied to the payment of debts, legacies and expenses of administration, in which case he is chargeable accordingly. *Stearns* v. *Stearns,* 1 Pick. 157. *Newcomb* v. *Stebbins,* 9 Met. 540, 544. *Palmer* v. *Palmer,* 13 Gray, 326, 328. *Alden* v. *Stebbins,* 99 Mass. 616. *Almy* v. *Crapo,* 100 Mass. 218. *Towle* v. *Swasey,* 106 Mass. 100. *Choate* v. *Arrington,* 116 Mass. 552.

The provision in the will, by which the testatrix charged and bound her real estate, and authorized her executor to sell it, had no other force than to create a lien upon the estate, and a power to sell it to satisfy that lien. It did not affect the right of heirs or devisees in the rents until the power was executed by a sale. *Newcomb* v. *Stebbins,* above cited. *Lobdell* v. *Hayes,* 12 Gray, 236.

The rents received by Jackson in this case, from the time of the death of the testatrix to the time of his own removal from the office of executor, and which he was required by the statute to account for in the Probate Court, either to the heirs or devisees, or as part of the general assets, were goods not administered, which the administrator, with the will annexed, was entitled to receive from him; and the executor's failure to account for and pay over the same was a breach of his bond, for which

he and his sureties are liable. But the rents collected by him since his removal were not received by him as executor, or in any sense to be accounted for as such, and for them he cannot be charged in this action.

There is nothing in the case to show that the judge before whom the hearing was had erred in disallowing compensation to Jackson for his services as executor.

Pursuant to the terms of the report, the case is to be referred to a master to compute, according to the rules stated in this opinion, the amount for which       *Execution shall issue.*