GEORGE F. CHOATE, Judge of Probate, *vs.* EDWARD W. JACOBS & others.

SAME *vs.* SAME.

Essex. Nov. 7, 1883. — Jan. 22, 1884. W. ALLEN & HOLMES, JJ., absent.

If a decree of the Probate Court, reforming the account of an administrator, has been affirmed by this court on appeal, and the case remitted to the Probate Court for further proceedings, that court may authorize the bringing of an action upon the administrator's bond, although the certificate of the decision of this court has not then been filed in the Probate Court; and, in the action on the bond, neither the administrator nor his sureties are entitled to contest the validity of the order authorizing the action.

The failure of an administrator to pay to the widow of his intestate an allowance, made and ordered to be paid by a decree of the Probate Court, is a breach of his bond for which his sureties are liable; and, in an action on the bond, evidence of gross negligence on the part of the administrator, offered by the sureties as tending to show that the decree should not have been made, is incompetent.

The failure of an administrator to pay to the heirs of his intestate, on demand, rents of real estate received by him, before any decree of the Probate Court in relation thereto, is not a breach of his bond for which his sureties are liable.

TWO ACTIONS OF CONTRACT upon a bond executed to the judge of probate by the defendant Jacobs, as principal, and William P. Clark, who alone defended, and Charles L. Pierce, as sureties, and conditioned for the faithful performance by Jacobs of his duties as administrator of the estate of Joshua H. Poole; the first action being brought for the benefit of the widow of Poole, and the second for the benefit of the widow and next of kin of Poole. Trial in this court, before *Field*, J., who reported the cases for the consideration of the full court The facts sufficiently appear in the opinion.

*J. M. Raymond*, for the plaintiff.

*H. Wardwell*, for the defendant Clark.

DEVENS, J.   The defendant Clark, the surety on the bond in suit, objects, in regard to both these actions, that, when the order of the Probate Court was made, authorizing the bringing these suits upon the bond, the whole matter had been transferred to this court; and that, although a decision had been rendered affirming the decree of the Probate Court reforming the account of the administrator, and remitting the case for further proceedings, the certificate thereof not having then been filed in the Probate Court, it had at the time no jurisdiction to make such an order.   The decree of the Probate Court appealed from having been affirmed, it was in full force when the order was granted, even if the proper certification of such affirmance had not been made.   It was competent to supply this deficiency in the records of the Probate Court at any time, so as to show thereby that the original decree had been affirmed when the order was made.   Again, as the administrator has no such interest in the matter of granting leave to bring an action on the bond as to give a right to resist the application therefor, or to be heard thereon, it follows that, when a suit has been brought thereon, neither he nor his sureties are entitled to contest the validity of the order of the court authorizing it.   *Fay* v. *Rogers*, 2 Gray, 175.   *Richardson* v. *Oakman*, 15 Gray, 57.   *Richardson* v. *Hazelton*, 101 Mass. 108.   *Bennett* v. *Woodman*, 116 Mass. 518.   The ruling requested, that the order of the judge of probate permitting the suits to be brought was unauthorized, was therefore rightfully refused.

The decree of the Probate Court making an allowance to the widow and ordering the same to be paid, and the failure and refusal of the administrator to pay according to the decree, was a breach of his bond for which his sureties were liable.   Pub. Sts. *c.* 135, § 2.   Nor were the sureties entitled to impeach the decree collaterally, and to show that the settlement of the accounts of the administrator, as made by the Probate Court, was erroneous.   Their obligation is that their principal shall pay the moneys in his hands in such manner and to such persons as the Probate Court shall direct.   His failure to make payment according to such decree is the breach of the administration

bond. *White* v. *Weatherbee*, 126 Mass. 450. The evidence of gross negligence on the part of their principal, offered by the sureties as tending to show that the decree should not have been made, was therefore incompetent.

In the second action, without reference to the question whether the surety on the bond would be liable for the rents of the real estate received by the administrator, it was correctly ruled that the action could not be maintained. If the executor or administrator uses or occupies any part of the real estate, he is to account for the same as ordered by the Probate Court, and provision is made for determining the amount thus to be accounted for by him. Pub. Sts. *c.* 144, § 5. Rents received by the administrator are governed by the same rule. *Brooks* v. *Jackson*, 125 Mass. 307. He is to account for them to the heirs and devisees only, unless they, either expressly, or by implication from assenting to his accounts in which he has charged himself with rents as part of the general assets, have agreed that they shall be applied to the payment of legacies and expenses of administration, in which case he is chargeable accordingly. *Stearns* v. *Stearns*, 1 Pick. 157. *Newcomb* v. *Stebbins*, 9 Met. 540, 544. *Palmer* v. *Palmer*, 13 Gray, 326, 328. *Alden* v. *Stebbins*, 99 Mass. 616. *Almy* v. *Crapo*, 100 Mass. 218. *Towle* v. *Swasey*, 106 Mass. 100. *Choate* v. *Arrington*, 116 Mass. 552. *Brooks* v. *Jackson*, *ubi supra*. As therefore the administrator might have received these rents with the consent of the heirs, and for the benefit of the parties interested in the estate, that he might thereby pay the debts of the intestate, a decree was necessary to determine whether the administrator was to account for them to heirs only, as well as to determine their rights *inter sese*. Until this decree was made, the failure to pay the same to the heirs on demand did not make a breach of the bond.

In conformity with the terms of the report, judgment in the first case is to be entered for the penal sum in the bond; and, in the second, the plaintiff is to become nonsuit.

*Judgments accordingly.*