JOSIAH A. BRIGHAM & another, executors, *vs.* LOUIS J. ELWELL.

Worcester.    Oct. 4, 1887. — Jan. 6, 1888.    C. ALLEN & KNOWLTON, JJ., absent.

If a sole devisee of a farm is appointed one of the executors of the will of his devisor, the executors, with the assent of the devisee, may occupy the farm for the benefit of the estate, and, while it is so occupied, the products of the farm cannot be taken on attachment as the property of the devisee.

TORT, by the executors of the will of Azubah Brigham, for the conversion of a quantity of hay and thirty-three casks of cider. The defendant, a deputy sheriff, justified by virtue of a

writ in an action against Josiah A. Brigham individually, on which he attached, on January 5, 1885, the hay and cider as the property of said Brigham.

At the trial in the Superior Court, before *Staples*, J., it appeared that Josiah A. Brigham was the sole devisee of a farm owned by the testatrix at the time of her death. The plaintiffs contended that the hay and cider were the products of the farm, while it was being carried on by them as executors, and that they were assets of the estate.

Josiah A. Brigham, who was the only witness called, testified, in substance, as follows: Azubah Brigham, my mother, died on December 6, 1883. I lived on the farm with her. William Curtis and I were appointed executors on January 15, 1884. After we were appointed, we carried on the farm as it had been carried on, took care of the stock, and did what was necessary to be done. In the spring of 1884, we sold a part of the stock; then we went on, having a lot of young stock. We cut the hay and kept the young stock. The young stock grew, and in April, 1885, we sold all the stock. After that we did not carry on the farm. When we took possession we had a talk about carrying on the farm. This was in January or February, 1884. We thought we would sell the stock off by auction in the winter. We waited until March, when we thought it would be better to keep the young stock, and cut the hay, for the benefit of the estate. We kept an account of all this as executors, and have rendered an account. The hay in question was cut on the farm in July, 1884, and the cider was made from apples that came from the farm the same year. I made the contracts for cutting the hay and picking the apples. Curtis lived two miles from the farm. He paid the bill for cutting the hay.

At the close of the evidence the defendant asked the judge to rule as follows: " 1. There is no evidence to go to the jury which will warrant them in finding that the property in question belonged to the plaintiffs; and the plaintiffs, upon all the evidence, cannot recover. 2. The parties who are alleged to have made the arrangement were not competent to make such an arrangement or agreement as would make the products of the farm in 1884 the property of the executors, the said Josiah A. being a necessary party on each side of the same."

The judge declined so to rule, and submitted to the jury the following question: "On or about January 1, 1884, was it arranged and agreed by and between the executors and Josiah A. Brigham, as sole devisee of the farm, that the executors should use, occupy, and carry on the farm, and that the executors during such use and occupation should take the entire proceeds of the farm, including the hay and cider in suit, and that the same should belong to the estate and be accounted for as assets thereof, and did the executors use, occupy, and carry on the same under such agreement and arrangement?" The jury answered this question in the affirmative, and also answered questions as to the value of the property. The jury were thereupon directed to return a verdict for the plaintiffs for the amount so found, with interest. The defendant alleged exceptions.

*T. G. Kent*, for the defendant.

*F. P. Goulding*, for the plaintiffs.

W. ALLEN, J. The jury found that the hay and cider were produced by the plaintiffs from the farm while they carried it on as executors, under an arrangement with the devisee that they should carry it on and take the proceeds and account for them as assets. Income of the real estate of a testator so received by his executor is assets of his estate. Pub. Sts. *c.* 144, § 5. *Stearns* v. *Stearns*, 1 Pick. 157. *Palmer* v. *Palmer*, 13 Gray, 326. *Choate* v. *Arrington*, 116 Mass. 552. *Choate* v. *Jacobs*, 136 Mass. 297. *Edwards* v. *Ela*, 5 Allen, 87. *Brooks* v. *Jackson*, 125 Mass. 307. *Adams* v. *Palmer*, 6 Gray, 338. *Newcomb* v. *Stebbins*, 9 Met. 540. *Almy* v. *Crapo*, 100 Mass. 218. *Towle* v. *Swasey*, 106 Mass. 100. The direct question is, whether the property in the hay and cider was in the plaintiffs as executors, and that involves two questions: whether the fact that one of the executors was also the sole devisee of the land prevented the executors from occupying it for the benefit of the estate, with the assent of the devisee, so as to be chargeable with the income; and whether, if they did so occupy the farm, its produce, while it was carried on by the executors, belonged to them in their representative, and not in their personal capacity.

1. The presumption that a devisee of land who enters upon it enters under his title as devisee may be overthrown. He may

enter under another title, and occupy in another character than that of devisee. If he is also sole executor, it would seem that he would have the power to occupy as executor, for the benefit of the estate. What would constitute or prove such an occupancy, so as to make the rents and profits assets, is a very different question from that of the power so to occupy. In *Newcomb* v. *Stebbins, ubi supra,* it was held that taking notes for rent to himself as executor did not of itself make them assets, and estop him to show in what capacity he occupied; but it would seem that charging himself with the rents and profits in his account would show that he received and held them as assets. The fact that the sole executor and devisee occupied as executor, and not as devisee, may be difficult of proof, but it is not impossible. But when the devisee is also one of two executors there is no difficulty. Whether the two occupied the real estate and took the rents and profits, is a question of fact easily susceptible of proof. Whether the devisee assented to their occupancy as executors, for the benefit of their estate, is also a question of fact. The fact that he is the devisee of the land does not take from him his capacity to assent to the occupancy by the executors, or to occupy with his co-executor. There is no question of contract, or of estate in the land. The rents and profits come from the actual occupancy by the executors, and the assent to such occupancy by the devisee prevents him from claiming them, and leaves them assets of the estate. The jury have found that the executors carried on the farm for the purpose of taking the proceeds and accounting for them as assets. The assent of the devisee is not left to be implied from the fact that he was one of the executors who so occupied, but it is found that it was expressly given; the executors are therefore bound to account for the income as assets.

2. As Brigham and Curtis carried on the farm jointly, the products in question — hay and cider made by them from the produce of the farm — belonged to both of them, and not to either one alone. To maintain this action they must show that it belonged to the estate of their testator, that is, that it belonged to them in their representative, and not in their personal capacity. The statute is, "If the real estate has been used or occupied by an executor or administrator, he shall account for

the income thereof as ordered by the Probate Court." Pub. Sts. c. 144, § 5. The St. of 1789, c. 11, § 2, read as follows : " When a dispute shall arise respecting the occupation, use, and improvement of real estate in the hands of the executor or administrator, and the quantum he ought to credit in his account therefor," &c. An executor can account for the income of real estate which he has occupied by charging himself with a proper sum as rents and profits, or by charging himself with the net receipts and products from it, and the statute includes either mode of accounting. An executor may himself use the real estate, living in the house or carrying on the farm for his own use, as if a tenant, in which case he would account for the income by charging himself with the use and occupation ; or he may occupy it as a bailiff, collecting rents from tenants, or carrying on the farm for the estate, in which case he would account for the income by charging himself with the rents and products received. In the former case, the produce of the farm would belong to him personally ; in the latter, it would belong to him as executor. Whether a particular occupancy is of the one character or the other is an inference from the particular facts affecting it. In this case it is found as a fact, that the farm was carried on for the estate of the testator, and with the intent and purpose that the proceeds should belong to the estate. The evidence shows that the particular reason for doing this was to benefit the personal property of the estate, to increase the value of the stock upon the farm by keeping it upon the produce of the farm, for a better market. It is inconsistent with this to regard the produce of the farm as belonging to the executors personally, to be removed from the farm by them or their creditors at pleasure. The conversion by the defendant was in the month of January ; the property converted was products of the farm remaining upon it, which had been produced and were held by the plaintiffs as executors. If on that day they had vacated their office, and an administrator had been appointed in their place, we cannot doubt that the property in such products of the farm, as well as in the stock upon it held by them as executors, would have passed to the administrator. They had then rendered no account. It does not appear when or in what form their account was afterwards rendered ; but it is to be presumed that their

account when rendered would conform to the facts, like the accounts in *Edwards* v. *Ela, ubi supra*, and would charge them with the specific property as assets of the estate. It does not appear that they have not already done so.

Upon the facts found by the jury, and assumed to be true, the inference of law is, that the property converted belonged to the plaintiffs as executors. *Exceptions overruled.*