GEORGE W. BROWN, appellant, *vs.* DANIEL W. FESSENDEN, executor.

Cumberland. Opinion May 20, 1889.

*Executor. Rents and Profits. Probate. Account.*

Rents and profits of real estate of a deceased insolvent debtor go to the devisee or heir and not to the executor.

Where an executor did not become chargeable, as executor, for rents of real estate taken by him for the devisee, he was not required to account therefor in the settlement of his account with the probate court.

ON REPORT, upon agreed statement.

This was an appeal from the probate court, for Cumberland county, upon the settlement of the appellee's account as executor of the will of Daniel Brown, late of Portland, deceased. By his will the testator, after the payment of certain legacies, devised and bequeathed to the appellee, said Fessenden, all his estate, in trust, for the benefit of his son, the appellant, until he should arrive at the age of thirty years, at which time the trust would

terminate, and the property vest in the appellant. Fessenden did not file any bond as testamentary trustee, nor did he qualify as such. While he was executor he collected certain of the rents and income of the real estate and paid part of it to the appellee, who claimed, upon the settlement of the executor's account, that the rents and income should be accounted for by the appellee as executor. A written motion to this effect was denied by the probate judge who decreed, as matter of law, that he was not required as executor to do so. An appeal was taken from this ruling and decree.

No action of the probate court was ever taken in regard to said trustee, nor any bond as such trustee required. He regarded himself, in collecting the rents, as trustee and not as executor. The estate being insolvent was disposed of under a license from the probate court and the proceeds of the sale were required for the payment of the testator's debts.

The question presented for decision was whether the appellee should be held to account, as executor, for the balance of rent and income which he collected and had not paid over to the appellant.

*Frank and Larrabee*, for appellant.

Executor's bond should be holden for the rents collected and not paid to the heir. R. S., c. 64, § 57. "If any part of the real estate is used or occupied by the executor or administrator, he shall account for the income thereof to the devisee or heirs in the manner ordered by the judge," etc. R. S., of Mass., c. 144, § 5. *Brooks* v. *Johnson*, 125 Mass. 310; and cases cited. Not relieved as executor until he qualifies as trustee. R. S., c. 68, § 1; *Groton* v. *Ruggles*, 17 Maine, 137; *Deering* v. *Adams*, 37 Id. 275; *Daggett* v. *White*, 128 Mass. 398; *Choate* v. *Arrington*, 116 Id. 552; *White* v. *Ditson*, 140 Id. 351; *Riggs* v. *Baptist Church*, 3 N. E. R. 831; *Prior* v. *Talbot*, 10 Cush. 1.

*S. C. Strout, H. W. Gage, and C. A. Strout*, for appellee.

Executor had no right to take possession of the land and collect rents until it became necessary to sell the real estate for the payment of debts. *Stearns* v. *Stearns*, 1 Pick. 158; *Drinkwater* v.

*Drinkwater*, 4 Mass. 358; *Palmer* v. *Palmer*, 13 Gray, 328; *Stinson* v. *Stinson*, 38 Maine, 594; *Fuller* v. *Young*, 10 Id. 371.

Rents and profits of real estate belong to the heirs, or devisees, after the death of the deceased testator until a sale by the executor or administrator to pay debts. This applies even when the estate is insolvent. *Kimball* v. *Sumner*, 62 Maine, 307; *Fuller* v. *Young, supra*, 387; *Stinson* v. *Stinson, supra; Mills* v. *Merryman*, 49 Maine, 66; *Gibson* v. *Farley*, 16 Mass. 287. Fessenden could not collect the rents as executor; he did not take them as testamentary trustee, not having qualified as such.

Nothing appears to warrant a supposition that any arrangement existed, which would bar the plaintiff of the usual remedy at law. *Palmer* v. *Palmer, supra; Almy* v. *Crapo*, 100 Mass. 218.

The facts warrant the conclusion that Fessenden acted as the agent of the heir, and is personally responsible, but not as executor.

In *Brooks* v. *Johnson*, 125 Mass. 310, the heirs gave the executor no authority to collect rents. In *Choate* v. *Arrington*, 116 Mass. 552, the executor charged himself in his first account with the income collected, which was assented to by the parties interested and it was allowed by the court. He continued the collections until the trustees were ready to assume charge of the trust estate. The only point decided in *Daggett* v. *White*, 128 Mass. 398, was whether the probate court could appoint another person as trustee where an executor delayed too long to qualify as trustee.

In *Briggs* v. *Baptist Church*, 3 N. E. R. 831, testator directed the executor to take possession, as executor, and rent the real estate. The executor was therefore bound to account for the rents and income received therefrom.

HASKELL, J. It is the settled law of this state that rents and profits of the real estate of a deceased insolvent debtor, until it shall be sold for the payment of debts, belong to the devisee or heir at law, and not to the executor or administrator. *Kimball* v. *Sumner*, 62 Maine, 305.

When an executor or administrator takes rents of real estate, by agreement with the devisee or heir, as assets, to save the real estate from sale, or for the advantage of all persons interested,

then it is proper enough to include the same in the probate account; but by operation of law, independent of any agreement of the parties, such rents do not belong to the executor or administrator, and are not assets that he is required to administer or account for within the condition of his bond. If a will should give such rents to an executor to be administered by him, or should make them assets to be administered upon, the case would be different.

In the case at bar, the testator devised his real estate to his executor by name, in trust for the benefit of a son until he should arrive at the age of thirty years. This is clearly a testamentary trust, and the income of the real estate did not become assets to be administered by the executor. True, the trustee, now dead, did not qualify as trustee by giving the bond required by statute, but, so acting, received certain rents and profits of the real estate, and paid a portion of the same to his *cestui* in accordance with the terms of the trust as defined in the will.

In what capacity the supposed trustee took and received the rents and profits in question it is not now necessary to decide, as it is clear that they did not come to his control as executor by operation of law, nor by force of any agreement of the parties in interest.

*Decree of the judge of probate*
*affirmed with costs.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY, VIRGIN and EMERY, JJ., concurred.