Hillsborough, ⎰
Dec. 26, 1907. ⎱

## MANSFIELD, *Adm'r*, v. HOLTON.

An administrator who assumes management of the decedent's realty, under an agreement with the heir to apply the net income thereof in liquidation of the debts of the estate, is chargeable with the ascertained amount of such income upon a settlement of his administration account; but in the event of a controversy as to the amount received from the property under the agreement, the probate court does not have jurisdiction to determine the question of net income, unless the estate has been decreed to be administered in the insolvent course.

The probate court does not have jurisdiction to inquire into an administrator's management of the decedent's realty until the estate has been decreed to be administered in the insolvent course; and jurisdiction, having once attached by virtue of such decree, is not liable to be defeated by proof that the estate is in fact solvent, but continues in full force until the administration is closed or the decree is set aside.

PROBATE APPEAL, from a decree allowing the plaintiff's first account as administrator *de bonis non* of the estate of Henry Holton, both in this state and in Massachusetts. Transferred from the January term, 1907, of the superior court by *Peaslee*, J.

The personal property of the estate was insufficient to pay the

debts, and the plaintiff agreed with the defendant, who is sole heir, to take charge of all the deceased's real estate and apply the net income thereof to the payment of debts. No account was settled in Massachusetts, it being agreed that the whole matter should be adjusted in this proceeding. In so far as the real estate is concerned, the court ruled that the management of that located in Massachusetts could, and of that located in New Hampshire could not, be made a part of the administration by agreement. The plaintiff excepted to this ruling as to real estate in New Hampshire, and the defendant as to that in Massachusetts.

*George B. French*, for the plaintiff.

*Sam K. Paige* (of Massachusetts), for the defendant.

YOUNG, J. Real estate vests in the heirs, charged with the payment of debts and administration expenses. Their interest in the property is not unlike that of a mortgagor ( *Gibson* v. *Farley*, 16 Mass. 280); for they may provide the money needed to pay their ancestor's debts and the expenses of administration, and when that is done the court will refuse to license a sale of the land, even if the debts have not been paid. *Fay* v. *Taylor*, 2 Gray 154. It is therefore the duty of an administrator to accept money of the heirs for that purpose; and if he does accept it, he will be charged with it the same as if he had received it from a sale of the land. *Griswold* v. *Chandler*, 5 N. H. 492; *Brown* v. *Fessenden*, 81 Me. 522; *Campbell* v. *McCormick*, 1 Ohio C. C. 504, 508. The plaintiff managed the real estate under an agreement to apply the net income to the payment of debts; so if there was any such income while he had charge of the property, he has received money which it was his duty to apply as a part of the deceased's estate. Consequently, in this case he may be compelled as administrator to account for the net income of the real estate, although he could not be so compelled if he had managed the property for his own benefit, or for the benefit of the heirs. *Perkins* v. *Perkins*, 58 N. H. 405; *Lucy* v. *Lucy*, 55 N. H. 9.

Since the plaintiff can only be compelled to account for what he agreed to apply to the payment of debts, it will be necessary to ascertain just what the agreement contemplated should be applied for that purpose. It provided that the plaintiff should "collect all rents and profits from houses and real estate to which I am entitled as heir of the estate of Henry Holton and which are included in the Holton estate," and should "pay debts on the estate with the proceeds thus collected, also costs of repairing and keeping said real estate in rentable condition." If this language

is given its ordinary meaning, he is to account for the net income
of the property as a whole—not for the net income of Massachu-
setts or New Hampshire property as such. Consequently, if there
was some net income from the property in Massachusetts, but none
from the whole property, he has not received any money from the
defendant to pay the debts of the deceased, and there is nothing
for which he can be compelled to account, either to the defendant
or to the deceased's creditors.

The other question raised by the plaintiff's exception is
whether, when the parties do not agree as to the amount of money
the administrator has received from the heirs to pay the debts of
the deceased, the probate court has jurisdiction of that issue; or,
stated another way, whether the probate court of this state has
jurisdiction of disputes growing out of, but not connected with,
the settlement of an estate. It neither has such statutory (P. S.,
c. 182, s. 2) nor such common-law jurisdiction (*Hayes* v. *Hayes*,
48 N. H. 219, 229), nor do the cases on which the plaintiff relies
sustain his contention that it has. Those outside of Massachu-
setts simply hold that if the administrator occupies the real estate,
under an agreement to use the income to pay the debts of the
deceased, he should be charged with the income as administrator.
*Brown* v. *Fessenden*, 81 Me. 522; *Campbell* v. *McCormick*, 1 Ohio
C. C. 504, 508; *Stiver* v. *Stiver*, 8 Ohio St. 217. To the same
effect is *Griswold* v. *Chandler*, 5 N. H. 492. Although the Massa-
chusetts cases hold that if there is a dispute as to the amount of
income the administrator has received the probate court has juris-
diction to determine the controversy, they were all de-
cided under a statute which confers such jurisdiction on
the court in express terms. *Gibson* v. *Farley*, 16 Mass.
280; *Stearns* v. *Stearns*, 1 Pick. 157; *Wilson* v. *Shearer*, 9
Met. 504; *Newcomb* v. *Stebbins*, 9 Met. 540; *Palmer* v.
*Palmer*, 13 Gray 326; *Almy* v. *Crapo*, 100 Mass. 218; *Towle*
v. *Swasey*, 106 Mass. 100; *Brooks* v. *Jackson*, 125 Mass. 307;
*Choate* v. *Jacobs*, 136 Mass. 297; *Brigham* v. *Elwell*, 145 Mass. 520.

It can serve no useful purpose to consider the effect of the
defendant's exception; for whether he is right or wrong, the plain-
tiff cannot be charged in this proceeding with the income of the
Massachusetts property. Assuming that the court could ascertain
the net income from that property, it could not charge the plain-
tiff with it as assets in his hands for distribution; for the statute
which confers jurisdiction provides, in substance, that when there
is an agreement between the heirs and the administrator, the
income shall be applied in accordance with it. *Brigham* v. *Elwell*,
145 Mass. 520; *Stearns* v. *Stearns*, 1 Pick. 157; *Gibson* v. *Farley*,
16 Mass. 280. Therefore if this decree is considered as a final

adjudication of the controversy in so far as the Massachusetts property is concerned, all that it establishes is that the administrator has so much money in his hands to offset any loss he may have sustained on the New Hampshire property. Since the plaintiff is only chargeable with the net income of the property as a whole, he cannot be charged with anything until it has been ascertained whether there was any such net income; but when that has been done, if there is any such income he must account for it.

*Case discharged.*

All concurred.

After the filing of the foregoing opinion the plaintiff moved for a rehearing, and the parties were further heard by brief.

*George B. French*, for the motion.

*Sam K. Paige* (of Massachusetts), opposed.

BINGHAM, J. The plaintiff takes the position, in his motion for rehearing, that the case finds that the estate was actually insolvent; and that as the administrator has received the rents and profits of the real estate under an agreement with the heir that he should apply the net income thereof in payment of the debts of the estate, jurisdiction is conferred, by section 13, chapter 189, Public Statutes, upon the probate court to determine the question of net income, in the settlement of the administrator's account. A sufficient answer to this contention is that the case does not find that the estate was actually insolvent. The finding upon this subject was simply that the personal property belonging to the estate was insufficient to pay the debts, that a part of the Massachusetts real estate had been sold, and that all the claims of creditors had been paid. This is equivalent to a finding that the estate was solvent; and when it is recalled that the New Hampshire real estate and a part of that in Massachusetts now remains undisposed of, and that the heir is the only party contesting the plaintiff's claim, it may well be inferred that the estate was actually solvent.

As the estate was solvent and was not decreed to be administered in the insolvent course, the question presented is whether in such case, the administrator having received the rents and profits of the real estate under an agreement with the heir to apply the net income in payment of the debts of the estate, the probate court has jurisdiction to determine the question of net income. The provision of law under which jurisdiction is claimed is section 13,

chapter 189, Public Statutes. But this section does not invest the probate court with authority to determine the net income received by an administrator from the rents and profits of real estate when the estate is solvent and there is no decree that it be administered in the insolvent course. In such case the rents and profits belong to the heir; and if the administrator receives them, he does so, not officially, but in his private capacity, with or without the authority of the heir. *Gregg* v. *Currier*, 36 N. H. 200, 208; *Lucy* v. *Lucy*, 55 N. H. 9; *Perkins* v. *Perkins*, 58 N. H. 405; *Ayers* v. *Laighton*, 73 N. H. 487, 489; Hoyt Prob. Pr. 167, 225, 226. An agreement of the parties that the net income of the real estate shall be applied by the administrator in payment of the debts of the estate will not invest the probate court with authority to determine the question, if such was the intention; for jurisdiction of the subject-matter of a controversy cannot be conferred upon a court in that way, and the right to object to the want of it cannot be lost by acquiescence or neglect. *Wright* v. *Cobleigh*, 21 N. H. 339, 341; *State* v. *Richmond*, 26 N. H. 232, 239, 240; *Tebbetts* v. *Tilton*, 31 N. H. 273, 289; *Carlisle* v. *Weston*, 21 Pick. 535, 537; *Chemung Bank* v. *Judson*, 8 N. Y. 254; *In re Walker's Will*, 136 N. Y. 20; *Collins* v. *Keller*, 58 N. J. Law 429; 11 Cyc. 673, 674, 783, 917.

The substance of the decisions in *Lane* v. *Thompson*, 43 N. H. 326, and *Ayers* v. *Laighton*, 73 N. H. 487, as to the construction of the section of the statute here under consideration, is that the phrase " in case the estate is insolvent" does not mean actual insolvency, but merely " the method adopted when the estate is being settled in the insolvent course "; that whether the estate is solvent or actually insolvent, the powers and duties of the administrator in relation to the real estate and its income do not arise until the estate is decreed to be so administered; and that meanwhile the estate is in the heirs. In the former decision it is expressly stated that " the statute does not take away from the heirs the right of possession until [there is] a decree that the estate be administered as insolvent," and that " the powers and duties of administrators in relation to the real estate" do not arise " until an estate is so administered." And the language of the court in *Goodwin* v. *Milton*, 25 N. H. 474, and in *Plummer* v. *Plummer*, 30 N. H. 566, wherein the impression is conveyed that in case of actual insolvency the heir never has a right to the possession of real estate, is questioned, and is said not to have been " intended as a statement of a general legal proposition, but as mere commentary upon the ultimate effect of actual insolvency."

As the powers and duties of an administrator with reference to the possession and income of real estate under the statute do not

arise until the particular estate is decreed to be administered in the insolvent course, so, too, the jurisdiction of the probate court to administer upon the estate in that manner does not attach so as to authorize an inquiry into the management of the real estate until such a decree is made ; and jurisdiction having once attached, it is not tentative merely, and liable to be defeated upon its being shown that the estate is in fact solvent, but continues with full force until the administration is closed or the decree that it be administered as insolvent is set aside. The decree, so long as it stands and the administration is not closed, is conclusive upon the parties in interest as to the powers and duties of the administrator with reference to the real estate and of the jurisdiction of the court over the same, and is not merely *prima facie* evidence of their existence. *King* v. *Chase,* 15 N. H. 9 ; *MacDonald* v. *Railway,* 71 N. H. 448 ; *State* v. *Corron,* 73 N. H. 434.

*Motion for rehearing denied.*

All concurred.