CHARLES J. McINTIRE, Judge of Probate, *vs.* GEORGE H. MOWER & another.

Middlesex.    November 11, 12, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Executor and Administrator. Damages. Bond. Interest. Attorney at Law.*

In an action on the bond of an executor, it is proper in assessing damages against the surety on the bond to disallow all charges for the services of the executor, although for some time after his appointment he performed his duties as executor without misconduct, if afterwards he wilfully failed to administer properly the personal estate which came to his possession and the proceeds of the real estate which he sold, and after misappropriating large sums of money to his own use absconded with substantially all that was left of the assets of the estate, making necessary the action on his bond after the appointment of an administrator *de bonis non* with the will annexed.

In an action on the bond of an executor, the plaintiff is not entitled to have assessed as damages against the surety on the bond interest on a sum of money in the hands of the executor at the end of a year after his appointment, which had not been deposited in any bank and on which the executor received no interest, the executor at that time not being in default and having made no use of the money and not having been guilty of any breach of trust. A brief delay by an executor in accounting for funds in his hands is not enough in itself to warrant charging him with interest which he did not receive and which he was under no duty to obtain.

In an action on the bond of an executor, who, after misappropriating large sums of money belonging to the estate of his testator to his own use, absconded with

substantially all that was left of the assets of the estate, making necessary the action on his bond after the appointment of an administrator *de bonis non* with the will annexed, in assessing damages against the surety on the bond, it is proper to charge the defendants with the reasonable expenses incurred for obtaining the removal of the absconding executor and the appointment of the administrator and in procuring leave from the Probate Court to bring the action on the bond, but the surety should not be charged for the services of the new administrator or for expenses incurred by him in bringing and prosecuting the action on the bond, nor can the surety be charged for the services and expenses of the new administrator in completing the settlement of the estate.

The theory of the law is that the taxable costs prescribed by the Legislature which a successful plaintiff is entitled to recover are a full indemnity for the expenses which they represent. And, if the attorney's fee of $2.50 allowed by R. L. c. 203, § 24, will not enable the administrator of an estate, whose duty it is to bring and prosecute an action, to procure competent attorneys to carry on the action, a remedy can be afforded only by the Legislature.

In an action on the bond of a defaulting executor, in assessing damages against the surety on the bond, where the will made it the duty of the executor to account for the rents as well as for the proceeds of sales of the real estate, it is proper to charge the defendants with the value of the occupancy by the executor of one of the houses belonging to the testator's estate, his liability being the same as if he had received rent for it.

CONTRACT on a bond given to the Judge of the Probate Court of the county of Middlesex by George H. Mower as executor of the will of John Howorth, late of Malden, against Mower as principal and the United States Fidelity and Guaranty Company, a corporation organized under the laws of the State of Maryland, as surety, the action having been brought by direction of the judge of the Probate Court upon the application of George Fred Williams, Esquire, the administrator *de bonis non* with the will annexed of the estate of John Howorth. Writ dated October 6, 1908.

In the Superior Court the case was heard by *Schofield*, J., without a jury. He found that there had been breach of the bond declared on, and ordered judgment for the penal sum of the bond, which was $25,000.

The case was referred to George William Estabrook, Esquire, as assessor. He filed a report in which he found that the plaintiff was entitled to have execution issue for the sum of $23,529.91.

The administrator with the will annexed made a motion that the assessor's report be confirmed. This motion was heard by *Dana*, J., who made an order that execution should issue for the

sum of $22,975.53, with interest from March 1, 1909. From this order the plaintiff appealed. The defendant United States Fidelity and Guaranty Company also appealed. The questions raised by the appeals appear in the opinion.

*G. F. Williams,* (*H. V. Knight* with him,) for the plaintiff.

*H. V. Cunningham* (*W. E. McKee* with him,) for the United States Fidelity and Guaranty Company.

SHELDON, J. 1. We are of opinion that compensation for the services of Mower, the absconding executor, was rightly disallowed upon the facts found by the assessor. While he did not misappropriate the funds of the estate until some time after his appointment and apparently rendered at first some services to the estate, yet his misconduct in failing to deposit or care for the assets so that those interested could know what he did with them, his wilful failure to administer properly the personal estate that came to his possession and the proceeds of the real estate which he sold, his misappropriation of large sums of money to his own use, and his final absconding with substantially all that was left of the assets of the estate, making the present proceedings and a new administration necessary, well warranted the conclusion that his services as a whole were of no value. *Brooks* v. *Jackson,* 125 Mass. 307. There was here the wilful breach of duty which was not found in *White* v. *Ditson,* 140 Mass. 351, 362, or *Rowland* v. *Maddock,* 183 Mass. 360, though both of those cases recognize the rule that the court may refuse to allow any compensation to a trustee who has been guilty of misconduct. And the surety's liability is the same as that of the executor himself. *Choate* v. *Arrington,* 116 Mass. 552, 556.

2. The plaintiff contends that the defendants should have been charged with interest on the sum of $2,254.77 in the hands of Mower, the executor, at the end of a year after his appointment. This sum was not deposited in any bank, and it is not found that the executor received any interest upon it; but the plaintiff contends that if Mower had then filed an account of his doings and shown that this money was lying idle in his hands, the Probate Court might at the request of the parties in interest have ordered it to be deposited in bank, where it would have drawn some interest, or to be paid over to the executor in New

Zealand, by whom it might be paid to the parties finally entitled. We do not assent to this reasoning. The executor was not then in default; he had not himself made use of this money, and he had not been guilty of any breach of trust. His brief delay in accounting is not enough of itself to warrant charging him with interest which he did not receive and which he was under no duty to obtain. *Wyman v. Hubbard*, 13 Mass. 232. *Boynton v. Dyer*, 18 Pick. 1, 6. There was no error in refusing to make this charge against the defendants.

The plaintiff does not ask that compound interest be reckoned against the defendants, and we need not consider whether that should have been done. Nor do we understand the defendants to contend that there was any error in the charges of simple interest which were made by the assessor and adopted by the Superior Court. In our opinion these charges were correctly made. *McGeary v. McGeary*, 181 Mass. 539. *Forbes v. Ware*, 172 Mass. 306. *Forbes v. Allen*, 166 Mass. 569. *White v. Ditson*, 140 Mass. 351, 362. *Brigham v. Morgan*, 185 Mass. 27. *Eliott v. Sparrell*, 114 Mass. 404. *Jennison v. Hapgood*, 10 Pick. 77, 104, 110.

3. The defendants concede that they ought to be held for the reasonable expenses incurred for obtaining the removal of Mower and the appointment of an administrator *de bonis non* with the will annexed. See R. L. c. 149, § 31, cl. 3, providing that execution in a case like this shall be awarded not only for the full value of the estate not accounted for, but also " for all damages caused by his [the executor's] neglect or maladministration." The assessor and the Superior Court have allowed for these expenses the sum of $400, being the amount of Mr. Halloran's bill for services in the matter, and the further sums of $200 for the services of Mr. Williams and $124.44, for the cash paid out in these proceedings. The assessor has found that these were reasonable charges and expenses ; and it was agreed that his findings of fact were to be final. Upon the concession of the defendants these sums, so far as they represent services and expenses rendered and incurred in procuring the removal of Mower and the appointment of the new administrator and the obtaining of leave from the Probate Court to bring this action, were rightly allowed. *Forbes v. Allen*, 166 Mass. 569. *Berry v. Ingalls*, 199 Mass. 77.

But upon examination of Mr. Halloran's bill, a copy of which was annexed to the assessor's report, we find that it contains many charges for services in the bringing and prosecution of this action; and these items, as will hereafter be shown, ought not to be allowed. We cannot know that the charges for Mr. Williams's services and for the expenses incurred include such items, although we are apprehensive that this may be the case. At any rate, unless the parties can agree what deductions should be made from these bills upon the principles which we have stated, the case must be recommitted to the assessor to determine the amount to be charged against the defendants for the necessary services and expenses of procuring the removal of Mower and the appointment of the administrator *de bonis non.*

The plaintiff contends that he should be allowed also the sum which the assessor has found will be properly chargeable against the estate for the services and expenses of the new administrator in completing the settlement of the estate. We cannot agree to this contention. These expenses are in no sense damages caused by the neglect or maladministration of the former executor. If he had properly administered the estate he would have been paid for them, just as the new administrator must be. It is enough that he is allowed nothing for his own services and expenses. Nor is there here any specific fund which the defendants are bound to make good, as was the case in *Forbes* v. *Allen*, 166 Mass. 569.

Nothing is to be charged against the defendants for the expenses of bringing and prosecuting this action. The theory of the law is that the taxable costs prescribed by the Legislature and which the plaintiff will be entitled to recover are a full indemnity for these expenses. *Rowland* v. *Maddock*, 183 Mass. 360, 365. *Newton Rubber Works* v. *Casas*, 182 Mass. 436. If in fact this is not so, if for example the plaintiff is not able to procure competent attorneys to carry on his action by paying the statutory fee of $2.50 (R. L. c. 203, § 24), and if he ought in justice to be allowed a larger amount, the remedy must be sought of the Legislature.

4. The defendants were rightly charged with the value of the occupancy by Mower of one of the houses belonging to the testator's estate. His liability is the same as if he had received rent

for it; and he must account accordingly. R. L. c. 150, § 6. He and his sureties must account for this sum. And under the terms of this will it was Mower's duty to account for the rents as well as for the proceeds of sales of the real estate, and turn both alike over to the New Zealand executor. Both Mower and his sureties are to be held for this amount. *Choate* v. *Arrington*, 116 Mass. 552. *Brooks* v. *Jackson*, 125 Mass. 307. *Brigham* v. *Elwell*, 145 Mass. 520, 522. *Forbes* v. *Keyes*, 193 Mass. 38, 41. There is nothing contrary to this in *Choate* v. *Jacobs*, 136 Mass. 297, or *Cummings* v. *Watson*, 149 Mass. 262, 263.

The result is that all but the fourth, fifth and sixth items of the schedule or statement of the amount found by the assessor appear to be correct. The order of the Superior Court must be reversed, and the case recommitted to the assessor to determine the amount that should be charged against the defendants for the services rendered and expenses that were reasonably incurred in procuring the removal of Mower from his position, the appointment of the new administrator and the obtaining of leave from the Probate Court to bring this action, unless the parties can agree upon that amount; the said fourth, fifth and sixth items must be altered accordingly; and execution must be awarded for the total amount so determined.

*Ordered accordingly.*