ATHANASIOS G. KOUTOUDAKIS, administrator *de bonis non*, *vs.* GREAT AMERICAN INDEMNITY COMPANY.

Suffolk.    October 5, 1933. — February 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Bond*, Of administrator. *Executor and Administrator*.

A failure of the personal representative of a deceased person to account in the Probate Court for a sum of money received by him in settlement of a claim under G. L. (Ter. Ed.) c. 229, §§ 4, 9, is a breach of his bond.

PETITION, filed in the Probate Court for the county of Suffolk on November 3, 1932, to fix liability of principal and surety upon the official bond of the predecessor of the petitioner as administrator.

The petition was heard by *Prest*, J. Material facts found by him and a decree entered by his order are de-

scribed in the opinion.   The respondent surety company appealed.

E. T. Doherty, for the defendant.

T. Petrou, for the petitioner.

LUMMUS, J.   One Roussos died on September 8, 1923, while painting a boiler.   He was unmarried, and his only next of kin was his mother in Greece.   One Baban, then of Boston but now of parts unknown, on December 23, 1926, was appointed administrator and gave bond as such in the penal sum of $1,000 with the respondent Great American Indemnity Company as surety.   On January 10, 1927, Baban received $320 from one McGrath, the employer of Roussos, and McGrath also paid the funeral expenses which were more than $300.   This was a lump sum settlement of a claim for wages owed to Roussos and a claim for negligently causing the death of Roussos.   Baban as administrator gave in return a general release under seal, covering all causes of action.   Baban never accounted for the $320 and was removed from his trust on August 15, 1929.   The petitioner was then appointed and qualified as administrator *de bonis non*.   On his petition to fix the liability of Baban and the respondent on the bond, under G. L. (Ter. Ed.) c. 205, § 7A, the Probate Court assessed $320 against the respondent, and it appealed.

The administrator had no cause of action for death against the employer under G. L. c. 229, §§ 4, 9, for the cause of action under § 4 vested directly in the next of kin. *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, 471, 472.   *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 359.   But the cause of action for death which was settled may have been one coupled with conscious suffering under G. L. c. 229, § 7, and in that case the administrator would have been the proper plaintiff.   If there be any doubt of the authority of the administrator to bring action upon, or to settle out of court (*Thayer* v. *Kinsey,* 162 Mass. 232, 235; *Forbes* v. *Allen,* 240 Mass. 363, 366; *McCarron* v. *New York Central Railroad,* 239 Mass. 64, 69, 70; *Second National Bank of Saginaw* v. *Woodworth,* 66 Fed. Rep. [2d] 170), any of the claims covered by the release, his au-

thority or want of it is immaterial. No one seeks to repudiate the settlement, and neither the administrator nor his surety can deny the receipt of the money. Whose money was it? Money received for the wages of Roussos would be general assets of his estate, and plainly covered by the bond. But money received as damages for his death would not be general assets of the estate; the administrator would hold it in trust for the statutory beneficiaries.

Assuming, without deciding, in favor of the respondent, that the entire sum of $320 must be considered damages for death, the question is whether the failure of the administrator to account for it is a breach of his bond. The condition of his bond is set forth in G. L. c. 205, § 1. The second requirement of the condition is "To administer according to law all the personal property of the deceased. . . ." Literally, that requirement cannot apply to the present case, for a claim for the causing of his own death never belonged to the deceased. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438, 440. *Wall* v. *Massachusetts Northeastern Street Railway*, 229 Mass. 506. *Eldridge* v. *Barton*, 232 Mass. 183, 186. *Putnam* v. *Savage*, 244 Mass. 83, 88. The third requirement of the condition is "To render upon oath a true account of his administration . . ." and the fourth is "To pay to such persons as the court orders any balance remaining in his hands upon the settlement of his accounts." These words are susceptible of a construction limiting the accounting and distribution to the "personal property of the deceased" mentioned in the second requirement. But they are susceptible of a broader construction, and, as will appear, a broader construction has already been given them.

Not infrequently an executor or administrator receives money which is not a part of the general assets of the estate, is not to be applied to the payment of debts, and is not to be distributed under the will or to the next of kin. In such cases, even though an action or suit by the beneficiary against the executor or administrator may lie in

some other court, the Probate Court has jurisdiction to settle his account as to such money and to order its distribution.   See *Buttrick* v. *Snow*, 277 Mass. 401, 404, 405. This is illustrated by French spoliation claims (*Sargent* v. *Sargent*, 168 Mass. 420; *Lamson* v. *Knowles*, 170 Mass. 295); by claims under contracts made by the deceased and held in trust by him for some beneficiary (*Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1, 7, 8; *Bailey* v. *New England Mutual Life Ins. Co.* 114 Mass. 177; *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306; *Meagher* v. *Kimball*, 220 Mass. 32; *Boyden* v. *Hill*, 198 Mass. 477, 487, 488; see also *O'Brien* v. *New England Trust Co.* 183 Mass. 186); by noncontractual claims enforceable by an executor or administrator for the benefit of heirs or devisees (*Parker* v. *Simpson*, 180 Mass. 334, 359, 360; *Cook* v. *Howe*, 280 Mass. 325); by claims for death arising under statutes of other States or countries (*Walsh* v. *Boston & Maine Railroad*, 201 Mass. 527, 533; *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438; *McCarron* v. *New York Central Railroad*, 239 Mass. 64); as well as by claims for death under our own statutes.

Another illustration is afforded by rents collected by an executor or administrator after the death of the deceased. By St. 1789, c. 11, § 2, to which the present G. L. (Ter. Ed.) c. 206, § 8, can be traced, provision was made, when the heirs or devisees permit the executor or administrator to have "the occupation use & improvement of real estate" of the deceased, for determining "the sum the executor or administrator shall be charged with in his account." That statute applied as well to rents collected by the executor or administrator. *Brooks* v. *Jackson*, 125 Mass. 307, 310.   If the heirs or devisees do not bring an action at law against the executor or administrator to recover the rents collected (*Gibson* v. *Farley*, 16 Mass. 280; *Lobdell* v. *Hayes*, 12 Gray, 236; *Almy* v. *Crapo*, 100 Mass. 218, 220), he must account for them in the Probate Court to the heirs or devisees.   *Gibson* v. *Farley*, 16 Mass. 280, 287; *Choate* v. *Jacobs*, 136 Mass. 297, 299.   Such rents are not assets of the estate unless the heirs or devisees, to avoid a sale of

· the real estate to pay debts or legacies, consent to their being so treated. *Newcomb* v. *Stebbins,* 9 Met. 540, 544. *Brigham* v. *Elwell,* 145 Mass. 520, 522. See now St. 1933, c. 129. Though rents collected by an executor or administrator for the benefit of the heirs or devisees are not "personal property of the" testator or the deceased within the terms of the second requirement of the condition of his bond, his failure to account for them and to pay them over upon the order of the Probate Court has been held to be a breach of his bond. *McIntire* v. *Mower,* 204 Mass. 233, 237, 238. See also *McCarthy* v. *Adams,* 263 Mass. 300, 301.

The decision in *McIntire* v. *Mower, supra,* goes far toward determining the present case. The two cases are alike in principle. Elsewhere, under similar conditions in the bonds of executors and administrators, a failure to account for damages for causing death has been held a breach, although such damages did not form part of the general assets of the estate. *United States Fidelity & Guaranty Co.* v. *Decker,* 122 Ohio St. 285; *S. C.* 68 Am. L. R. 1538. *Boyd* v. *Richie,* 159 S. C. 55. So far as the language of the condition of an administrator's bond may be thought to restrict it to the personal property of the deceased, the present statutory language is the same as that in use when St. 1786, c. 81, § 7, first gave an administrator a duty to distribute damages for death and when St. 1840, c. 80, extended his duty to claims against common carriers for causing death. St. 1783, c. 36, § 8. Rev. Sts. c. 64, § 5. For the history of the statutes, see *Porter* v. *Sorell,* 280 Mass. 457, and cases cited. If the statutory bond of an administrator had not been deemed sufficient to cover damages for death, the Legislature would doubtless have broadened its form at some time during all these years.

We are of opinion that the failure to account for the item of $320 was a breach of the bond, even if that item be treated as composed wholly of damages for death.

The question, whether the administrator *de bonis non,* or the next of kin, is the proper petitioner, has not been raised or argued.

*Decree affirmed.*