EMORY LYON, Executor, *vs.* BROWN UNIVERSITY *et al.*

PROVIDENCE — APRIL 26, 1897.

PRESENT : Stiness, Tillinghast and Douglas, JJ.

A. by the first three clauses of her will provided for the payment of debts and certain pecuniary legacies, and these were paid by the executors. By the fourth clause of the will she bequeathed other legacies to be paid "after the payment of my debts and of the legacies hereinbefore contained, and out of the residue of my estate not hereinbefore disposed of," and provided that if the remaining estate were insufficient to pay them all each of these legacies should be proportionately reduced in amount. Powers were given the executors to sell and convey the real estate, and these powers had been exercised as to all of the real estate excepting one parcel. Assuming the receipt of the highest price for which this parcel could be sold, and adding all of the money in hand, there were insufficient assets to pay the legacies bequeathed by said fourth clause of the will. The question arose, whether the rents and income of the real estate accruing before the sales of the respective parcels thereof (which had been collected by the executors with the acquiescence of all parties interested) should be applied, so far as needed, to the payment of these legacies, or should be paid to the residuary legatees mentioned in subsequent parts of the will :—

*Held,* that the fund derived from the rents and its accumulations should be applied to the payment of these legacies so far as needed.

A mere charge of real estate with the payment of legacies will not affect the right of the heir or devisee to the rents until the power is executed by a sale, so far as the legal title is concerned ; but in equity the rents and profits preceding a sale accrue to persons having the beneficial interest according to the intent of the testator ; and not necessarily to the holder of the legal estate.

BILL IN EQUITY for an opinion, and the construction of a will.

DOUGLAS, J.. This is a bill in equity, brought by the executor of the will of Maria M. Benedict, to determine certain questions arising from the provisions of the will and the condition of the estate.

The first clause of the will directs the payment of debts and funeral expenses, and the erection of a monument at the grave of the testatrix ; the second bequeaths specifically certain personal and household effects ; the third, as modified by the codicil, which reduces the amount of two legacies but alters the will in no other way, bequeaths pecuniary legacies aggregating seventy-six thousand, five hundred dollars, " after the payment of my debts and of the legacies hereinbefore contained and out of the residue of my estate not hereinbefore disposed of," and terminates with these words, " and in case the residue of my estate applicable to the payment of the legacies in this third clause of my will contained should not be sufficient to pay all of said legacies in full, then I direct that said legacies in this clause of my will contained shall be each proportionally reduced in amount." The fourth clause, repeating the language of the third, " after the payment of my debts and legacies hereinbefore contained, and out of the residue of my estate not hereinbefore disposed of," bequeaths various sums of money, amounting together to $18,300, to corporations and societies defendants to this bill. This clause also provides :  " And in case the residue of my estate, applicable to the payment of the legacies in this fourth clause of my will contained, should not be sufficient to pay all of said legacies in full, then I direct that said legacies in this clause of my will contained shall be each proportionally reduced in amount."

The fifth clause is as follows :  " 5.   After the payment of my debts and of the legacies hereinbefore contained, I give, bequeath and devise all the rest and residue of my estate, real, personal and mixed, whereof at the time of my death I shall be seized and possessed, or over which at the time of my death I shall have power of testamentary disposition, to the following persons, to them and to their heirs and assigns and in the following proportions and shares namely : "   And then follows the names of five persons, to each of whom is given " one-fifth part of said residue (⅕)."

The sixth clause is as follows :   " And for the convenient and speedy execution of my wishes as declared in this my will I hereby empower and authorize my executors hereinafter named or any administrator or administrators of this my will who may be duly appointed to administer my estate under this my will to sell at either public or private sale, at such times, in such amounts, on such conditions, for such price, and to such persons as to them or him may seem fit, any or all the realty whereof I may die seized or possessed or over which at the time of my death, I may have power of testamentary disposition, to make valid deeds of conveyance thereof and to give valid discharges therefor, and I direct that no purchaser of any estate that may be sold under my authority given in this my will shall be held responsible for the application of any purchase money after the same shall have been paid to my executors or administrators aforesaid ; and I direct that my executors or administrators aforesaid shall apply such purchase money, the proceeds of such sales, to the payment and satisfaction of the legacies in this my will hereinbefore expressed and contained."

The executors, with the acquiescence of all parties interested, took possession of the real estate of the testatrix, and collected the rents and income thereof as the same accrued upon each parcel, until it was sold under the power contained in the will (one parcel still remaining unsold) ; and after paying out of this fund taxes, insurance, repairs and other expenses, accumulated the net income, and now the surviving executor holds the same to await the direction of the court.

The provisions of the first three clauses of the will have been fulfilled, and the personal property not specifically bequeathed and the proceeds of the sales of real estate have been nearly exhausted in the payment of legacies under clause three and the expenses of administration. The tract of land remaining unsold, estimated at its highest reasonable value, together with the balance of money in the executor's hands remaining of the proceeds of sales of real estate, will be insufficient to pay the legacies given in the fourth clause, and the executor asks whether he shall resort for that purpose to the fund in his hands derived from the rents of the real estate.

We think this fund and its accumulations should be applied, so far as it may be needed, to the payment of these legacies. The provisions of this will and the condition of this estate do not differ, in the particulars affecting this question, from those considered in *Pond* v. *Allen,* 15 R. I. 171. There, as here, the assets were insufficient to pay the legacies, and the residuary clause was a direct gift in fee of "all the rest, and residue of my estate both real, personal and mixed that may be left at the death of my said husband James Helme and after the payment of all the aforegoing bequests contained in my last will and testament," &c., and there was no direct gift to the executors.

The only feature in the case at bar which does not resemble the case cited is the power of sale given by this will to the executors. It is argued that the direction to appropriate the proceeds of sales is exclusive of a power over the rents accruing before the sales take place, and that the residuary devisees have the right of possession and prension of profits until the land is needed and taken from them.

We do not so construe the power of sale. It was given, as it says, "for the convenient and speedy execution of my wishes as declared in this my will." It was not given, as we understand it, to limit, but to enlarge the power of the executors, and to afford them every facility for applying the real estate to the payment of the legacies. It adds nothing to, and takes nothing from, the previous clauses of the will

where the wishes of the testatrix, as to the disposition of her estate, were fully and clearly expressed. Through all these previous clauses runs the purpose to divide the objects of the gifts into classes, each of which should take the whole estate, if necessary, before the next should receive anything. Those mentioned in the third clause are residuary legatees if the estate will go no further than to pay them, and so are the legatees mentioned in the fourth clause with respect to the final residuary devisees.

In *Pond* v. *Allen*, the court say, p. 177 : "Under the will here the residuary devisees are entitled to nothing except what is left after the specific legacies are paid, and therefore the specific legatees are as much entitled to the rent or income of the residuary real estate as to the real estate itself, if the rents are needed for the payment of the legacies and the legatees duly assert their title to them."

And so the court directed the rents to be applied to the purposes of the will. In that case the executors, having no power of sale, were obliged to resort to the court for a decree to enforce the charge of the legacies upon the real estate. It seems to us probable that the power of sale here was introduced to prevent such a necessity.

The cases cited for the residuary devisee support the rule that a mere charge of real estate with the payment of legacies will not affect the rights of the heirs or devisees to the rents until the power is executed by a sale, so far as the legal title is concerned.

*Gibson* v. *Farley*, 16 Mass. 280, the leading case in that State, decided, as this court has done in *Draper* v. *Barnes*, 12 R. I. 156, and *Allen* v. *Allen*, 12 R. I. 301, upon a similar statute, that the power given the executor or administrator through the Probate Court to sell for payment of debts does not take from the heir the rents accruing before actual sale. The court, in *Gibson* v. *Farley*, expressly recognize the authority of *King* v. *King*, 3 P. Wms. 358, and the other early English cases there referred to, because, as the court says of one of them, the intent of the testator was expressed

" that the tenant for life was not to have anything until after the previous charges were satisfied."

In *Newcomb* v. *Stebbins*, 9 Met. 540, 544, it is said : " This estate is not given, as in *Hayes* v. *Jackson*, 6 Mass. 154, ' after the payment of debts, ' but it is a devise of the estate subject to certain charges to be paid at specified times." In *Lobdell* v. *Hayes*, 12 Gray, 236, the heirs were held entitled to the rents accruing before a sale made by virtue of the statute.

In *Brooks* v. *Jackson*, 125 Mass. 307, it was decided that the rents accruing before sale from lands which the executor had power to sell are not legal assets in his hands for which he is accountable to creditors in the court of probate, but that he is accountable to the heir.

In equity the rents and profits preceding a sale accrue to the person having the beneficial interest according to the intent of the testator, not necessarily to the holder of the legal estate.

In *Brokaw* v. *Brokaw*, 41 N. J. (14 Stew.) Eq. 304, it is said, p. 308 : " The heirs at law of the testator have no claim as such to the rents and profits of the farm. Their claim to the property is under the will. The testator manifestly did not intend that they should have the rents and profits. . . . . . . . Where a testator directs his executor to sell lands for a particular purpose, until such disposition is made of them the heir is entitled to the rents and profits unless the testator has, by express terms or by implication, otherwise disposed of them ; but whosoever is entitled to the beneficial interest of the land, from the death of the testator until it is sold, is entitled to the rents and profits."

In *Lyon* v. *Church of the Redeemer*, Id. 390, the court says: " The residue which is given is whatever (if anything) may remain after paying the legacies. It is clear that the legacies are charged upon the land. Being charged upon the land the rents, issues and profits of the property are to be applied to the payment thereof. Further : Although the executor had no legal title to the land under the provisions of the will, but a power of sale only, and the legal title to the property

vested in the heirs at law after the testatrix's death until the sale and conveyance by the executor, the heirs had no beneficial interest either in the property or the rents. Any surplus of the proceeds of the sale of the property, which might remain after paying the legacies, was given by the will to the residuary legatees who, on paying the legacies, would have been entitled to the property. Nor are the residuary legatees entitled to the rents as against the legatees. The rents belong to those who are beneficially interested in the property, according to their interests." ,

The doctrine of equitable conversion referred to by counsel for the residuary devisee has no application in this case, as no question arises here between the heirs and next of kin, as in the cases cited.

*Stephen O. Edwards & Walter F. Angell*, for complainants.

*John C. Pegram & George L. Cooke*, for Rhode Island Hospital.

*Samuel T. Douglas*, for Rhode Island Baptist State Convention.

*William C. Baker*, for Women's American Baptist Home Missionary Society.

*John C. B. Woods*, for Rhode Island Baptist Mite Society, and Brown University, and Women's Union Missionary Society of America for Heathen Lands.

*Henry J. Spooner & Edward P. Allen*, for ˙ John C. Benedict.