Marshall, C. J.
 

 The two grounds of demurrer will be considered in the order in which they are stated in the demurrer. The petition states a cause of action if the terms and conditions of the bonds make the surety responsible for the administration and distribution of a fund arising out of a claim for wrongful death, otherwise not.
 

 It will readily be conceded that such a fund is not a part of the assets of the estate of the decedent. It is not property which belonged to the decedent in his lifetime, and the claim did not come into existence until his death. In the nature of things, it could not even be inventoried as a part of the estate. The fund is not subject to administration and distribution like property of which the decedent died seized. These principles have been declared in two former decisions of this court.
 
 Steel, Admr.,
 
 v.
 
 Kurtz,
 
 28 Ohio St., 191;
 
 Wolf, Admr.,
 
 v.
 
 Lake Erie & Western Ry. Co.,
 
 55 Ohio St., 517, 45 N. E., 708, 36 L. R. A., 812. The same principles have been recognized and declared by the lower courts of this state numerous times.
 

 Former decisions of this court have been cited and discussed, which hold that property in the possession of the administrator, which came into his possession by virtue of his office, but not constituting a part of the estate, did not create any liability upon the administration bond.
 
 Quinby, Exr.,
 
 v.
 
 Walker,
 
 14 Ohio St., 193. It may therefore be accepted as the basis
 
 *288
 
 of the discussion that the money which came into the hands of Curtis as administrator did not belong to the decedent in his lifetime, and that it was not subject to distribution under the general laws of descent and distribution, and it may further be accepted as a basis of discussion, that as a general rule, the sureties upon the administration bond can not be held liable for property or the proceeds of property which did not constitute a part of the estate of the decedent. The case of
 
 Quinby
 
 v.
 
 Walker, supra,
 
 was decided upon the theory that the administrator was not bound to become responsible for the property which was the subject of that controversy, and therefore that the surety upon his bond incurred no responsibility. The administrator was not obliged to include that property in his administration, or to render an account of it. He was not required to pay the property, nor the proceeds of it, to such persons as the court or the law directs.
 

 The duties of the administrator are prescribed by law. If those duties were strictly confined to an administration of the estate left by the decedent, the sureties upon his bond would incur no obligation by reason of his default in the administration of a fund growing out of a claim for wrongful death.
 

 To ascertain the character and the extent of the duties and obligations of the administrator it is necessary to refer to Section 10772, General Code, known as Lord Campbell’s Act. That statute was originally enacted March 25, 1851 (49 Ohio Laws, 117). There have been several amendments since the original enactment, but the amendments have only affected the time within which the action should be brought, the limitations upon the liability, and
 
 *289
 
 the amount of recovery, and the persons to whom distribution should be made. As the statute now stands, the action must be brought in the name of the personal representative of the deceased person. The recovery is proportioned to the pecuniary injury resulting from such death to the persons respectively for whose benefit the action was brought. The amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment, in such manner as shall be fair and equitable. It will be seen, therefore, that by this enactment a new duty, a new obligation, a new responsibility, is imposed upon the personal representative, and one which was not imposed by the general laws relating to the administration of decedents’ estates. The legislative enactments relating to the settlement of decedents ’ estates were adopted by the General Assembly fully twenty years before the enactment of Section 10772. There have been no substantial changes in the statutes relating to bonds of administrators since March 23,1840. The statute then provided (38 Ohio Laws, 147), substantially as is provided at the present time by Section 10618, that every administrator shall give bond with sufficient sureties in such sum as the court orders, with five conditions: First, that he shall make a true inventory; second, that he shall administer according to law all the moneys, goods, chattels, rights, and credits of the deceased, and the proceeds of all his real estate for payment of his debts; third, render a true account of his administration; fourth, pay any balance remaining in his hands upon the settlement of
 
 *290
 
 his account to such persons as the court or the law directs; and, fifth, surrender his letters of administration in the event a will he thereafter duly proved and allowed. The bond in the instant case follows closely the requirements of the statute.
 

 When Section 10772 was enacted (49 Ohio Laws, 117), and a new duty and obligation thereby imposed upon the administrator, the Legislature might well have made provision for a bond to specially guarantee the faithful performance by the administrator of his duty arising out of the new statute. If in 1851 the statute relating to administrators’ bonds had been in such strict and narrow terms as not to fairly include the faithful performance of the new duties imposed, it would clearly have been the duty of the General Assembly to have so broadened the language of the statute relating to the bond as to make it inclusive, and, in the absence of such broadening, the sureties upon the administrator’s bond could not be held responsible for his default.
 

 The first two conditions of the bond can have no application to the fund arising out of a claim for wrongful death. The third and fourth conditions are the ones which must be relied upon. It is claimed by counsel for the surety company that by virtue of the third condition the administrator is only bound to render a true account of his administration of property which came into his possession belonging to the estate of the decedent. It will be seen, however, that the statute does not limit the account to property of the decedent, but it is placed upon the broad basis of an “account of his administration.” By the enactment of Section 10772, the administrator is required to administer the money aris
 
 *291
 
 ing from a claim for wrongful death as fully and to the same extent as he is required to account for the property belonging to the estate of the decedent.
 

 By virtue of the fourth condition of the bond, the administrator is required by Section 10618 “to pay any balance remaining in his hands, upon the settlement of his accounts, to such persons as the court or the law directs.” It being the duty of the administrator to prosecute the claim for wrongful death, and to receive the amount of the recovery from the wrongdoer, and to apportion it among the beneficiaries, either by agreement among them or in accordance with an order of court, the language of the fourth condition is quite apt and applicable to enjoin the faithful performance of this added responsibility. The administrator could not discharge his full duty in any case where his decedent had met his death by wrongful act without prosecuting the claim, or without rendering a true account of his administration of the fund arising from such claim, or without paying the money in his hands arising out of such claim to such persons as the court or the law directs. These duties were enjoined upon him by law. The statute requiring a bond to be given is broad enough to include the faithful performance of those duties, and the surety upon his bond must be held to be responsible for the faithful performance of those duties.
 

 Other states having similar statutes have reached the same conclusion, but we will not quote or even cite them, because the conclusions we have reached must depend upon the interpretation of the statutes in force in this state.
 

 Similar bonds have been given in the various pro
 
 *292
 
 bate courts of this state for a period of nearly eighty years. For the past twenty-five years nearly all administration bonds have been signed by paid sureties. Very large sums of money in the aggregate have been paid to surety companies as premiums. As far as we can ascertain, it has been the custom during all this time, in the probate courts of the various jurisdictions, to require the administrator to give only a nominal bond until a recovery has been made, or a settlement reached, and then to require a bond commensurate with the amount of the recovery. If no responsibility attaches to the surety upon such bonds, then the probate courts of this state have been doing a vain thing, and have involved decedents’ estates in large expenditures for premiums without imposing any liability upon the companies which have received the premiums. This feature alone would not be determinative of the matter if the bond were drawn in terms so narrow as not to include the administration of such a fund. The rule has been firmly established in this state, and in jurisdictions generally, that the rule of strict construction, which ordinarily applies to a volunteer surety without compensation, has no application to a surety who is compensated by an adequate premium. It is not necessary in the instant case to invoke this rule of liberal construction. The third and fourth conditions of the bond are not ambiguous, but are broad enough to require the faithful performance, not only of the administration of the estate of the decedent, but also the administration of the fund arising out of wrongful death. The petition, therefore, states a cause of action.
 

 It only remains to inquire whether the plaintiff
 
 *293
 
 has legal capacity to sue. The provisions of the Civil Code require that suits must be brought in the name of the real party in interest. This provision of the Civil Code is a general one, and the same authority which enacted that statute has enacted this special statute, Section 10772, requiring that an action for wrongful death be brought in the name of the personal representative of the deceased. Recovery was for the benefit of the widow and children. After recovery of the fund, an order of distribution was made by the probate court. The widow and children therefore became entitled to the money in the proportions stated in the order of the probate court. It is now insisted that the administrator
 
 de bonis non
 
 is not the party in interest, but that the suit must be maintained, if at all, by the widow and children to whom the money has been legally adjudged. Again the General Assembly has created an exception, and it is provided by Section 10634:
 

 “An administrator or executor appointed in the place of an executor or administrator who has resigned, been removed, or whose letters have been revoked, or authority extinguished, shall be entitled to the possession of all the personal effects and assets of the estate unadministered, and may maintain a suit against the former executor or administrator and his sureties on administration bond, for them and for all damages arising from the maladministration or omissions of the former executor or administrator. ’ ’
 

 The authority of this statute is so plain and its mandate so clear as to require no further comment.
 

 The courts below did not err in overruling the de
 
 *294
 
 murrer, and the judgments of both courts will therefore be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.